IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

ANDERSON DIVISION

| | |
|---|---|
| Deborah D. Harden, ) | |
| ) | Civil Action No. 8:03-4114-HFF-BHH |
| Plaintiff, ) | |
| ) | |
| vs. ) | **REPORT OF MAGISTRATE JUDGE** |
| ) | |
| Oconee County, Oconee County ) | |
| Assessor's Office, Oconee County ) | |
| Human Resources Office, and ) | |
| Oconee County Supervisor, ) | |
| ) | |
| Defendants. ) | |

This matter is before the court on several motions by the parties. In her complaint, the plaintiff, who is proceeding *pro se*, alleged causes of action against her former employer for violations of the Americans with Disabilities Act ("ADA") and the Family and Medical Leave Act ("FMLA"). Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A), and Local Rule 73.02(B)(2)(g), D.S.C., all pretrial matters in employment discrimination cases are referred to a United States Magistrate Judge for consideration.

On May 12, 2004, the defendants moved for dismissal of the plaintiff's complaint arguing the claims were time-barred pursuant to the applicable statutes of limitations. By order filed May 12, 2004, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the summary judgment dismissal procedure and the possible consequences if she failed to adequately respond to the motion. On August 20, 2004, the plaintiff filed a response to the motion to dismiss. On September 9, 2004, this court issued a report and recommendation recommending that the motion be denied with regard to the ADA claim and granted as to the FMLA claim. In the report, this court noted that the

complaint was devoid of any allegation of willful violation of the FMLA, and thus the two year statute of limitations applied and had expired when the plaintiff filed her complaint.

In her objections to the report, the plaintiff alleged that the defendants' violations of the FMLA were willful. In his order dated October 28, 2004, the Honorable Henry F. Floyd, United States District Judge, found that the plaintiff's assertion of willfulness in her objections "raises the question as to whether the three year statute of limitations for willful violations of the FMLA is applicable, thus making dismissal at this stage improper" (10/28/04 order at 2). The court, *sua sponte*, granted the plaintiff leave to file an amended complaint within 30 days. The court noted that the plaintiff's failure to set forth averments necessary to invoke the three year statute of limitations in her amended complaint would likely result in dismissal of the FMLA claim. Judge Floyd adopted the report with regard to the ADA claim and recommitted the case to the magistrate for recommendation as to whether the amended complaint makes such averments so as to invoke the three year statute of limitations for a willful violation of the FMLA.

On December 2, 2004, the plaintiff filed a notice of interlocutory appeal to the Fourth Circuit Court of Appeals with regard to Judge Floyd's order. In that appeal, the plaintiff addressed the FMLA claim and set forth averments as to the defendants' willful violations of the FMLA. Upon dismissal of the interlocutory appeal by the Fourth Circuit, this court issued an order on June 8, 2005, ordering that the plaintiff had until June 24, 2005, to file her amended complaint. The plaintiff filed her amended complaint on June 23, 2005. The plaintiff's amended complaint consists of a *pro se* complaint form and a seven page type-written document captioned "Amended Complaint", both of which are dated June 21, 2005.

The FMLA provides that claims brought under that statute must be filed within two years of the last event constituting the alleged violation. 29 U.S.C. §2617(c)(1). Where the conduct underlying an FMLA claim is "willful," the statute of limitations is three years

from the date of the last event constituting the violation. *Id.* §2617(c)(2). "Although the FMLA does not define the term 'willful,' the Supreme Court, in an analogous context, has ruled that a violation of the . . . [FLSA] is 'willful' where an employer 'knew or showed reckless disregard for the matter of whether its conduct was prohibited by the [Act].' . . . And there is little doubt that this standard is equally applicable in the FMLA context." *Settle v. S.W. Rodgers, Co., Inc.*, 998 F.Supp. 657, 663 (E.D. Va. 1993) (quoting *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 130 (1988)). "[W]here . . . a plaintiff sufficiently alleges facts supporting the claimed violation of the FMLA, a general averment as to willfulness should be sufficient to trigger the three-year limitations period." *Id.* at 664.

The plaintiff's amended complaint alleges in pertinent part, "I contend that the Defendants' violations of the FMLA were willful and therefore the three year statute of limitations should be invoked" (amended *pro se* comp. form at ¶ III(3)(y)). The amended complaint also includes a five-page "description of the willful violations" (amended comp. at 2-6). Based upon the foregoing, this court finds that the plaintiff has adequately alleged facts in support of her FMLA claim and has made a general averment as to willfulness. As such, the three year statute of limitations applies. The plaintiff alleges in her complaint that she was terminated on September 21, 2001, which would be the last possible date of any FMLA violation against her (amended *pro se* comp. form at ¶ III(3)(t)). *See Wenzlaff v. Nationsbank*, 940 F. Supp. 889, 892-893 (D. Md. 1996). The original complaint was filed December 23, 2003, and the amended complaint would relate back to that date pursuant to Federal Rule of Civil Procedure 15(c)(2). Based upon the foregoing, this court finds that the claim is timely.

The plaintiff captioned her August 20, 2004, response to the defendants' first motion to dismiss as "Plaintiff's Answer to Defendants' Motion to Dismiss and Plaintiff's Motion to Dismiss and for a Judgment by Default." Accordingly, the response was also

docketed as a motion to dismiss by the plaintiff. However, the plaintiff alleges no basis for such a motion. Accordingly, that motion should also be denied.

On July 5, 2005, the defendants moved to dismiss the plaintiff's amended complaint based upon her alleged failure to timely file her amended complaint in compliance with Judge Floyd's order. By order filed July 5, 2005, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the summary judgment dismissal procedure and the possible consequences if she failed to adequately respond to the motion. On August 8, 2005, the plaintiff filed a response to the motion to dismiss. As noted above, the plaintiff delayed filing the amended complaint during her interlocutory appeal. Upon dismissal of the interlocutory appeal, this court issued an order on June 8, 2005, ordering that the plaintiff had until June 24, 2005, to file her amended complaint. The plaintiff filed her amended complaint on June 23, 2005. As the plaintiff is proceeding *pro se* and she filed her amended complaint within the time given in this court's order on June 8, 2005, the motion to dismiss should be denied.

Wherefore, based upon the foregoing, IT IS RECOMMENDED that:

(1) the defendants' motion to dismiss filed May 12, 2004, be denied as to the plaintiff's claim for willful violation of the FMLA;

(2) the defendants' motion to dismiss filed July 5, 2005, be denied; and

(3) the plaintiff's motion to dismiss and for default judgment filed August 20, 2004, be denied.

IT IS SO RECOMMENDED.


s/Bruce H. Hendricks
United States Magistrate Judge

August 11, 2005

Greenville, South Carolina

4

## Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"
&
# The Serious Consequences of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of service. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. See Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410, 1993 U.S.Dist. LEXIS® 3411 (D.S.C. 1993).

During the ten-day period for filing objections, **but not thereafter**, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** See Keeler v. Pea, 782 F. Supp. 42, 43-44, 1992 U.S.Dist. LEXIS® 8250 (D.S.C. 1992); and Oliverson v. West Valley City, 875 F. Supp. 1465, 1467, 1995 U.S.Dist. LEXIS® 776 (D.Utah 1995). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. See United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), cert. denied, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509, 1991 U.S.App. LEXIS® 8487 (6th Cir. 1991). See also Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), cert. denied, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. *** This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

Accord Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only "I object" preserves no issue for review. *** A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

See also Branch v. Martin, 886 F.2d 1043, 1046, 1989 U.S.App. LEXIS® 15,084 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 6 n. 1 (3rd Cir. 1984)(*per curiam*)("plaintiff's objections lacked the specificity necessary to trigger *de novo* review"). **This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections.** See Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16, 1989 U.S.App. LEXIS® 19,302 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk**
**United States District Court**
**Post Office Box 10768**
**Greenville, South Carolina 29603**