

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

| | |
|---|---|
| DEBORAH D. HARDEN,<br>　　　　Plaintiff,<br><br>vs.<br><br>OCONEE COUNTY et al.,<br>　　　　Defendants. | §<br>§<br>§<br>§  CIVIL ACTION NO. 8:03-4114-HFF-BHH<br>§<br>§<br>§ |

ORDER ADOPTING THE REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

This is an employment case. Plaintiff is proceeding *pro se*. The matter is before the Court for review of the report of the United States Magistrate Judge in which she suggests that 1) Defendants' May 12, 2004, motion to dismiss be denied as to Plaintiff's claim for willful violation of the Family Medical Leave Act (FMLA), 2) Defendants' July 5, 2005, motion to dismiss be denied, and 3) Plaintiff's August 20, 2004, motion to dismiss and for default judgment be denied. The report is made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Matthews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a *de novo* determination of those portions of the report to which specific objection is made, and the Court may

accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the report on August 11, 2005.  Plaintiff failed to file any objections.  Therefore, the Court will deny Plaintiff's August 20, 2004, motion to dismiss and for default judgment without further discussion.  *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983) (stating that, in the absence of objections, the Court is not required to give any explanation for adopting the recommendation).

Defendants timely filed their objections to the report on August 17, 2005.  The only objection that Defendants make, however, is in regards to their July 5, 2005, motion in which they argue for dismissal of Plaintiff's FMLA claim because of Plaintiff's alleged failure to timely file her amended complaint.  The Court cannot yield to the force of Defendants' reasoning.  As observed by the Magistrate Judge, "As the plaintiff is proceeding *pro se* and she filed her amended complaint within the time given in the court's order on June 8, 2005, the motion to dismiss should be denied."[1]  Report at 4.

After a thorough review of the report and the record in this case pursuant to the standards set forth above, the Court will overrule Defendants' objections, adopt the report, and incorporate it herein.  Therefore, it is the judgment of this Court that 1) Defendants' May 12, 2004, motion to dismiss be **DENIED** as to Plaintiff's claim for willful violation of the FMLA, 2) Defendants' July 5, 2005, motion to dismiss be **DENIED**, and 3) Plaintiff's August 20, 2004, motion to dismiss and for default judgment be **DENIED**.

---

[1]From its review of the record, it does not appear that Defendants ever objected to the Magistrate Judge's June 8, 2005, Order granting Plaintiff until June 24, 2005, to file an amended complaint, as contemplated by Rule 72 of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED**.

Signed this 1st day of September, 2005, in Spartanburg, South Carolina.

s/Henry F. Floyd
HENRY F. FLOYD
UNITED STATES DISTRICT JUDGE

\*\*\*\*\*
**NOTICE OF RIGHT TO APPEAL**

Plaintiff is hereby notified that she has the right to appeal this Order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.